# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### ABERDEEN DIVISION

ETHAN HOGGATT, ET AL.                                        PLAINTIFFS

VS.                                        CIVIL ACTION NO. 1:19-cv-14-MPM-DAS

ALLSTATE INSURANCE, ET AL.                                        DEFENDANTS

## <u>ORDER</u>

Before the Court are several related motions which are ripe for review.

This case involves fraud and civil RICO claims by Ethan Hoggatt and his father, Dr. Eric

Hoggatt, against Allstate Insurance and its employees, Andy Dyson and Suzanne Hand.[1] Plaintiffs

are represented by attorney Victoria Hoggatt—Eric's wife and Ethan's mother. The plaintiffs

originally filed this case in Monroe County Circuit Court, and on January 15, 2019, the defendants

timely removed it to this Court. Plaintiffs moved to remand the case to state court, arguing that,

because the state courts are competent to hear federal claims, removal was improper. The Court

denied that motion.[2] By letter dated February 9, 2019, Allstate notified Eric and Victoria that it

would not renew their automobile insurance based on Ethan's driving record and claim history.

The notice also informed the Hoggatts that, pursuant to Section 612 of the Fair Credit Reporting

Act, they had "the right to obtain a free copy of the report(s) from the consumer reporting

agency(ies) that provided it to [Allstate] if [they] request it within 60 days of receiving this notice."

It also provided the contact information for the agency (identified as LexisNexis Risk Solutions)

that supplied the motor vehicle report.

---

[1] Plaintiffs also initially pursued fraud and conversion claims against Sibyl Homan, Clifton Homan, and Homans Garage. However, those claims—along with counter claims by the Homans—have been dismissed with prejudice by [35] order of this Court following the parties' [34] joint stipulation of dismissal.
[2] [29].

Rather than seeking the report from LexisNexis Risk Solutions, Plaintiffs sought the report from Allstate.[3] Counsel for Allstate, Charles Cowan and Cory Radicioni—both with Wise, Carter, Child, and Caraway, P.A.—informed plaintiff that "[s]ince this matter is the subject of active litigation, any request for documents related to this litigation will need to be formalized in a discovery request following the Rule 16 conference in this matter."

On June 13, 2019, Allstate filed a motion to dismiss [30]. The individual Allstate defendants filed a motion to dismiss the next day [32].[4]

On May 29, 2019, Plaintiffs submitted a letter and sworn criminal affidavit to Mississippi Insurance Commissioner Mike Cheney, United States Attorney for the Northern District of Mississippi Chad Lamar, and District Attorney for the First Circuit of Mississippi John Weddle.[5] The letter and criminal affidavit asked the recipients to investigate and prosecute Allstate and various others for acts related to this lawsuit. Notably, it charged Cowan, Radicioni, and their firm with "intentional and egregious obstruction of . . . Allstate's[] compliance with the legal requirements of the Fair Credit Reporting Act" and for conspiring to obstruct justice.[6]

Upon learning of this letter and affidavit, Allstate's counsel contacted the Court by email on June 26, 2019, to request a telephonic conference pursuant to Fed. R. Civ. Pro. 16(b)(3)(B)(v) to discuss the discovery dispute and the outstanding affidavit. Allstate informed the Court of its intent to seek a protective order, but, recognizing this Court's practice—as well as the directive of Rule 16—sought a telephonic conference before filing any motions. The next day, the Court noticed a telephonic status conference for 2:00 that afternoon.[7] Allstate's counsel provided all

---

[3] Plaintiffs' counsel represents that she subsequently sought the report from LexisNexis Risk Solutions, "who reports it produced no such reports as claimed by Allstate in its notice of non-renewal." [55] p. 2.

[4] On June 18, 2019, the parties filed a stipulation of dismissal regarding the Homans, and the Court entered an order of dismissal that same day [34, 35].

[5] [38-7] p. 1.

[6] [38-7] p. 5.

[7] [36].

parties, including the Court, with a call-in number. The Court delayed calling to give the parties time to all be on the line. At approximately 2:10, the undersigned's clerk called into the conference. He was informed that Plaintiffs' counsel was not on the line, but that defense counsel was attempting to reach her. Defense counsel was placed on hold, and the clerk checked in five-minute intervals whether Plaintiffs' counsel was on the line. Just prior to informing defense counsel that the conference would be rescheduled, the clerk was informed that Plaintiffs' counsel was joining the call. Only then did the undersigned join the conference.[8]

At the conference, Plaintiffs' counsel informed the Court that she would be filing an amended complaint the next week to add Allstate's defense counsel as parties for what she termed as "obstructing her clients' statutory right to documents." Defense counsel stated that if Plaintiffs were pursuing that course, they would be forced to file a motion for a protective order. The Court informed the parties that with these developments, along with the outstanding motions to dismiss, the case management conference would continue to be postponed[9] and the Court would await the proposed filings.

The following Monday, Allstate filed its [38] Motion for Protective Order and Sanctions. The next day, Plaintiffs filed their [41] Motion for Leave to File First Amended Complaint. Although requesting leave, Plaintiffs filed their First Amended Complaint [44] without this Court granting leave to do so. Allstate filed a [45] Motion to Expedite Briefing and Ruling on its Motion

---

[8] In Plaintiffs' proposed first amended complaint—which was filed without leave to do so—defense counsel are alleged to have "egregiously sought to circumvent the Plaintiffs' fundamental due process right of notice," and attempted to secure an ex parte protection order. [44] at p. 41-42. That is a misrepresentation of what transpired. ECF notified all counsel that a telephonic conference had been set. Defense counsel provided plaintiffs' counsel and the Court with the call-in number. Plaintiffs' counsel concedes she had not checked her email before the conference. Compounding her error, she speculates that this Court would have entertained granting such an ex parte order, which is a baseless accusation. Plaintiffs' proposed second amended complaint [56-1] omits and/or abandons these particular allegations of misconduct.

[9] The Court has yet to set a case management conference due to the outstanding dispositive motions.

for Protective Order and Sanctions. Subsequently, on August 8, 2019, Plaintiffs filed a [56] Second Motion for Leave to Amend Complaint.[10]

Allstate argues that Plaintiffs' submission of a criminal affidavit charging its attorneys with obstruction of justice and related conspiracy "is wholly improper and constitutes an abuse of process." Allstate asks that this Court "require Plaintiffs, by written correspondence, to request a withdrawal of the criminal affidavit;" "prohibit Plaintiffs and their counsel . . . from adding Allstate's . . . counsel in this case, Charles Cowan and Cory Radicioni, and their firm Wise Carter Child & Caraway as defendants in this matter or otherwise filing a separate action based . . . upon their conduct in defending their client in this litigation;" "require Plaintiffs and their counsel . . . to cease and desist from contacting Allstate and its employees/agents regarding any matter related to this litigation;" and "hold Plaintiffs and their counsel, Victoria Hoggatt, jointly, responsible for compensating Allstate for its reasonable attorney's fees incurred in responding to the May 28, 2019[,] criminal affidavit and moving for the instant protective order and sanctions."[11]

Before responding to Allstate's motion, Plaintiffs sought leave to amend their complaint to, among other things, add defense counsel and their firm as defendants. As a preliminary matter, the Court notes that as grounds for granting leave to amend, Plaintiffs in their motion cite only to the Mississippi Rules of Civil Procedure—which do not apply to this action. Plaintiffs filed no memorandum supporting their motion and the sole basis sought for granting leave is to add parties and claims "due to newly discovered evidence." However, Plaintiffs' proposed amended

---

[10] The Court notes that the second motion to amend is not technically "ripe." However, for reasons to be addressed *infra*, no further briefing on the matter is necessary. The proposed amendments are substantially the same as those in the first amended complaint—which has been fully briefed. The Court's legal analysis applies equally. And quite frankly, it appears to the Court that if it continues to await ripening of each new motion, it will continue to be inundated with a barrage of new, related motions. It is in the best interest of the parties and the best use of judicial resources that the Court rule on the pending motions—and thereby, hopefully, assuage the need for such rapid-fire motion practice.

[11] [39] p. 14-15.

complaint[12] contains their arguments for amendment. Plaintiffs argue that the FCRA provides them an absolute statutory right to the documents requested from Allstate, and that if there is a conflict between that "federal law" and "state law" regarding discovery, then the supremacy clause mandates that "the federal law must be applied." However, what Plaintiffs fail to appreciate is that this case is not governed by state rules of procedure, but rather by the Federal Rules of Civil Procedure. The Federal Rules, as well as this Court's Local Rules, are "laws of the United States." *Marshall v. Gates*, 44 F.3d 722, 724 (9th Cir. 1995) (quoting *U.S. v. Hvass*, 355 U.S. 570, 575 (1958)). *See also* 28 U.S.C. § 2071; Fed. R. Civ. P. 83.

Allstate's argument is two-fold. First, it argues that the FCRA directs that Plaintiffs have a right to request the documents from *the reporting agency*, not Allstate. Second, Allstate argues the documents relate to this litigation and therefore must be requested through formal discovery. However, the document-dispute itself is not before this Court. Plaintiff has not filed a motion to compel production. While Allstate has filed a motion for protective order, it does not ask the Court to determine whether it must produce the documents. What is before the Court are the following pertinent facts:

1. Plaintiff requested documents directly from Allstate, in response to a FCRA notice.

2. Allstate's attorneys responded that the documents relate to ongoing litigation and must be requested through formal discovery.

3. Plaintiffs submitted a criminal affidavit accusing Allstate's counsel of obstruction of justice.

---

[12] Rather than attaching the amended complaint as an exhibit to the motion for leave, Plaintiffs filed it as separate amendment/supplement [42]. The same day, Plaintiffs filed the amended complaint—without leave to do so. *See* [44].

4. Plaintiffs filed a motion for leave to amend and an amended complaint to add Allstate's counsel as defendants for obstructing justice and related conspiracy by refusing to produce the documents outside formal discovery.

At bottom, Plaintiffs—and their counsel—claim they are entitled to documents outside of discovery. Allstate and its attorneys argue the documents must be requested through discovery. That—in and of itself—is a discovery dispute. The proper way to bring a discovery dispute to the Court's attention is by motion. As a matter of course, this Court's case management orders contain a provision that "before moving for an order relating to discovery, the movant must request a conference with the court." *See* Fed. R. Civ. Pro. 16(b)(3)(B)(v). Although a case management order has not been entered in this case, the parties are encouraged to request a conference with the Court prior to filing a discovery motion—as Allstate's counsel sought to do. Plaintiffs neither requested a conference nor filed a motion. Instead, they submitted a criminal affidavit and amended complaint adding defense counsel for what is, ultimately, a discovery dispute.

While the Court understands defense counsels' request that the Court order Plaintiffs to "take it back" and withdraw their criminal affidavit, the Court cannot do so. Plaintiffs have sworn-out a criminal affidavit. This Court has determined the accusations against defense counsel to be clearly baseless. If the letter is, as defense counsel argue, "harassing, malicious, and libelous,"[13] then counsel may seek redress through the state's law of torts.[14]

However, the Court finds that Plaintiffs'—through their own and their attorney's actions— have "unreasonably and vexatiously multiplie[d] the[se] proceedings." *See Rossmann v. Pulaski*, 2017 WL 9512372, at *3 (N.D. Miss. Nov. 17, 2017). The Court has inherent power—emanating from the "control necessarily vested in courts to manage their own affairs so as to achieve the

---

[13] *See* [39] at p. 13-14.
[14] To be clear, the Court makes no comment or intimation on the merits of any such claim.

orderly and expeditious disposition of cases"—to impose sanctions for such conduct. *Id.* (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)). The particular sanction to impose is "uniquely committed to the sound discretion of the imposing court." *Id.* (quoting *Crowe v. Smith*, 151 F.3d 317, 241 n. 39 (5th Cir. 1998)). "The court must, however, choose the least severe sanction necessary to deter the sanctionable conduct." *Id.* (citing *Thomas v. Capital Security Services, Inc.*, 836 F.2d 866 (5th Cir. 1988)).

Plaintiffs' first motion to amend complaint [41] is mooted by filing of the second. *See Alston v. Miss. Dep't of Trans.*, 2017 WL 3204478, at *1 (N.D. Miss. July 27, 2017). Plaintiffs' second motion to amend complaint [56] is denied. Not only does it seek to add defense counsel as defendants over what this Court has found to be a discovery dispute, but the proposed amended complaint contains facts this Court knows to be false. The Court takes judicial notice of its own docket. *See Grogan v. Outlaw*, 2015 WL 8231324, at *4 (S.D. Miss. Dec. 7, 2015); *Allied Esquire Group, Inc. v. Byrd & Assoc., PLLC*, 2011 WL 379392, at *2 n.1 (S.D. Miss. Aug. 25, 2011); *Cone Mills Corp. v. Hurdle*, 369 F. Supp. 426, 429 (N.D. Miss. 1974). Plaintiffs' proposed Second Amended Complaint chides Allstate's counsel for filing a "retaliatory, fraudulent, and dilatory *Motion to Dismiss*, in between the time of the Magistrate's conference . . . and the Amended Complaint discussed at the Magistrate's first conference with the parties."[15] Again, Plaintiffs contend that "Defendants' June 13, 2019[,] *Motion to Dismiss* was interposed for delay, retaliation, and obstruction, only after Allstate attorney Charles Cowan learned that he himself, Allstate [*sic*] was to be added as a party Defendant to the *Plaintiffs' 1st Amended Complaint* that was discussed with the Magistrate to be filed within the week."[16] Yet again, the proposed second amended complaint provides that "After Defendant Cowan heard, in a teleconference with the Magistrate

---

[15] [56-1] p. 14.
[16] [56-1] p. 15.

that Plaintiffs were to file their Amended Complaint next week, adding attorney Cowan as defendant, those attorneys only then immediately filed their patently fraudulent *Motions to Dismiss* for purposes of delay, retaliation, and harassment."[17] It continues that "[w]hat made the timing of Defendants' obviously retaliatory and frivolous *Motion to Dismiss* so outrageous, was the fact that the Magistrate . . . was on the telephonic conference . . . with all attorneys, and Plaintiffs' addition of attorney Charles Cowan as a party defendant to the Plaintiffs' Amended Complaint . . . was thoroughly discussed. Immediately, Defendants Radicioni and Cowan filed Defendant's . . . *Motion to Dismiss*."[18] The proposed amended complaint continues to make such assertions.

Yet the record belies this timeline. Allstate's Motion to Dismiss [30] was in fact filed on June 13, 2019. However, it was filed well before the undersigned's telephonic status conference, which was noticed and held on June 27, 2019. The Court acknowledges that Plaintiffs' counsel informed both the Court and defense counsel that she would be seeking leave to amend the complaint to add defense counsel and defendants, but the motion to dismiss had already been filed.[19] These allegations in support of Plaintiffs' proposed second amended complaint are at best an exercise in futility, and at worst, an act of bad faith. *See Mays v. Mut. Of Omaha Ins. Co.*, 2014 WL 5621811 at *1 (N.D. Miss. Nov. 4, 2014) (allowing denial of a motion for leave to amend when there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies . . . undue prejudice [or] when amendment would be futile"). *See also Collins v. Hood*, 2018 WL 1055526, at *4 (N.D. Miss. Feb. 26, 2018) (futility); *Sahlein v. Red Oak Capital, Inc.*, 2015 WL 736340, at *3 (N.D. Miss. Feb. 20, 2015) (undue delay). Plaintiffs' second motion for leave to amend their complaint [56] is therefore denied.

---

[17] [56-1] p. 21.

[18] *Id.*

[19] While Allstate did file its Motion for Protective Order following the telephonic conference, this Court instructed it to do so during the conference—as it instructed Plaintiffs to file their motion for leave to amend.

To the extent Allstate's motion for protective order asks this Court to prohibit Plaintiffs and their counsel from adding Charles Cowan, Cory Radicioni, and their firm, Wise Carter Child & Caraway, as defendants in this matter for their actions addressed herein, it is granted.

While expressing no opinion on whether any violation has occurred, all counsel are reminded of their duties under Rule 4.2 of the Mississippi Rules of Professional Conduct ("In representing a client, a lawyer shall not communicate about the subject of the representation with a party the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized by law to do so.").[20]

Finally, as to the motion for protective order and sanctions, the Court finds, for the reasons fully addressed *supra*, that Plaintiffs' and their counsels' actions, jointly, rise to the level of sanctionable conduct. The Court therefore awards Allstate its reasonable attorneys' fees incurred in responding to the motions to amend and moving for the instant protective order and sanctions.[21]

Allstate shall file an itemization of its expenses and attorneys' fees within seven days of this order. Plaintiffs and/or their attorney shall file any objections to claimed fees and expenses within seven days of the itemization. If any objections are filed, Allstate may file a reply within three days of the objections. Any expenses or fees not subject to an objection shall be paid within twenty-one days of the filing of the itemization of fees and expenses. The award of costs and expenses is imposed on Plaintiffs and their counsel jointly and severally.

---

[20] Allstate asserts Plaintiffs' counsel continually contacted Allstate and its employees concerning this litigation. Plaintiffs' counsel argues she contacted Allstate regarding cancellation of her own insurance policy (a joint policy with her husband, Eric), and that any recordings occurred prior to litigation. The parties dispute whether the documents concerning cancellation of that policy relate to this litigation. As discussed *supra*, that dispute is not properly before this Court, and the Court cannot say at this juncture that a violation of Rule 4.2 has occurred.

[21] Allstate moved for attorneys' fees incurred in responding to the May 28, 2019, criminal affidavit. As the Court denies its request to order Plaintiffs to withdraw the affidavit, the Court does not award attorneys' fees as to that issue. Similarly, Allstate does not specifically ask for fees in responding to the motions to amend. However, the Court finds that the motions to amend and the motion for protective order and sanctions are inexplicably linked and arise from the same conduct.

Allstate also filed a Motion for Expedited Briefing and Consideration of Motion for Protective Order and Sanctions [45], which is now moot.

Finally, Plaintiffs' counsel filed two documents. The first, she docketed as Plaintiffs' First Motion for Sanctions against Allstate [54]. The second she docketed as Motion for Sanctions Affidavit in Support of Plaintiffs' Response in Opposition to Allstate's Motion for Sanctions and Protective Order. The Clerk of Court entered a Notice of Correction on the docket that [54] was improperly filed because it failed to include the case's caption in the document's heading pursuant to Fed. R. Civ. P. 10 ("Every pleading must have a caption . . . .").[22] The Notice of Correction also notified Plaintiffs' counsel that [55] was improperly docketed as a motion when it is, in fact, an affidavit. Those "motions" were therefore administratively terminated.

In the interest of judicial economy, the Court has reviewed Plaintiffs' "motion for sanctions" and related documents and finds the motion to be without merit. Plaintiffs assert defense counsel misrepresented the law as to whether the requested documents must be requested through discovery and/or directly from the reporting agency. While it is unclear, Plaintiffs and their counsel appear to argue that defense counsel made a material misrepresentation by directing them to LexisNexis Risk Solutions as the reporting agency, who reportedly represented to the Hoggatts that it had provided not such report. Yet, it was Allstate's Notice of Non-Renewal, not defense counsel, that informed the Hoggatts that their "motor vehicle report was ordered or obtained from: LexisNexis Risk Solutions" and provided contact information for the agency.[23] The notice further provide that, under the FCRA, the Hoggatts had "the right to obtain a free copy of the report(s) *from the consumer reporting agency(ies)* that provided it to [Allstate]."[24]

---

[22] *See also* Fed. R. Civ. P. 7(b)(2) ("The rules governing captions and other matters of form in pleadings apply to motions and other papers.").
[23] [38-1] p. 3.
[24] *Id.* (emphasis added).

As discussed *supra*, the underlying document-dispute is not properly before the Court at this time. The Court therefore expresses no opinion whether Plaintiffs are entitled to the requested documents and/or what venue they must pursue to obtain them. The Court finds, however, that Plaintiffs have presented no evidence that Allstate's position is "wholly without merit," "objectively frivolous," asserted "for an improper purpose," or that Allstate's counsel "failed to undertake a reasonable inquiry into the facts or law." *See Morrison v. Dallas County Community College*, 273 Fed. Appx. 407, 412-13 (5th Cir. 2008); *McGrath v. Empire Inv. Holdings, LLC*, 2013 WL 85202, at *9 (N.D. Miss. Jan. 7, 2013).

**IT IS, THEREFORE, ORDERED** that

1. Allstate's [38] Motion for Protective Order and Sanctions is GRANTED IN PART AND DENIED IN PART.

2. Plaintiffs' [41] Motion for Order Granting Leave to Amend Complaint is MOOT.

3. Plaintiffs' [44] First Amended Complaint—filed without leave—is hereby STRICKEN.

4. Allstate's [45] Motion to Expedite is MOOT.

5. Plaintiffs' [56] Second Motion for Order Granting Leave to Amend Complaint is DENIED.

6. Plaintiffs' [54] Motion for Sanctions, which has been administratively terminated for improper form, is DENIED on the merits.

SO ORDERED, this the 19th day of August, 2019.

/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE